**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| TODD CLARK, | ) | FILED: NOVEMBER 19, 2008 |
| | ) | 08CV6634 |
| Plaintiff, | ) | JUDGE KENDALL |
| | ) | MAGISTRATE JUDGE SCHENKIER |
| vs. | ) No. | CH |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

TODD CLARK (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA). According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e).*

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Because Defendant conducts business in the state of Illinois, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in Elk Grove Village, Cook County, Illinois, and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

10. Defendant is a Pennsylvania Corporation with an office in North Aurora, Kane County, Illinois.

11. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

12. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

13. Defendant constantly and continuously places collection calls to Plaintiff at his home and work seeking and demanding payment for an alleged debt (see 20 pictures of Plaintiff's caller ID attached as group Exhibit A).

14. Defendant called and often times hung up before anyone or voicemail picked up the phone.

15. Despite Plaintiff's repeated requests to stop calling him at work because his employer forbids him to receive calls at work, Defendant continued to place collection calls to Plaintiff at his work.

16. Defendant failed to identity itself as a debt collector in subsequent communications.

17. On October 23, 2008, Plaintiff mailed, via certified mail return receipt, Defendant a cease and desist letter, requesting Defendant to stop calling Plaintiff (see Plaintiff's letter attached as Exhibit B).

18. Defendant received Plaintiff's cease and desist letter on October 27, 2008 (see signed return receipt attached as Exhibit C).

19. Despite receiving Plaintiff's cease and desist letter, Defendant continued to constantly and continuously call Plaintiff (see Exhibit A).

## COUNT I

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

20. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with Plaintiff at his place of employment even though Defendant knew or had reason to know that Plaintiff's employer prohibits Plaintiff form receiving calls at work.

    b. Defendant violated *§1692c(c)* of the FDPCA by communicating with Plaintiff after Plaintiff notified Defendant in writing that Plaintiff requested that Defendant cease further communication with Plaintiff.

    c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    d. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant called Plaintiff and hung up or did not respond when Plaintiff answered the phone.

    e. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication is from a debt collector.

21. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit D).

WHEREFORE, Plaintiff, TODD CLARK, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

22. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

23. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

24. Actual damages,

25. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

26. Any other relief that this Honorable Court deems appropriate.

                                      RESPECTFULLY SUBMITTED,

                                      By:____/s/ Adam J. Krohn____
                                      [ ]Adam Krohn
                                        Attorneys for Plaintiff
                                        Krohn & Moss, Ltd.
                                        5055 Wilshire Blvd., Suite 300
                                        Los Angeles, CA 90036

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TODD CLARK, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS)

Plaintiff, TODD CLARK, states the following:
1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, TODD CLARK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_____                     _____
Date                                                                                       TODD CLARK